■ 621 PAYNE AVENUE, LLC, Respondent, v UNION FREE SCHOOL DISTRICT NO. 1 OF NORTH TONAWANDA, Also Known as NORTH TONAWANDA CITY SCHOOL DISTRICT, Appellant. [979 NYS2d 887]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered January 31, 2013. The order, among other things, denied defendant's motion for summary judgment dismissing the second amended complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting defendant's motion and dismissing the second amended complaint and as modified the order is affirmed without costs.

Memorandum: We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the second amended complaint. We therefore modify the order accordingly. Initially, we note that plaintiff's causes of action sound in contract and not tort because no "legal duty independent of the contract itself has [allegedly] been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]), and thus Education Law § 3813 (1) applies to this action. Next, we agree with defendant that plaintiff did not comply with the requirements of that section, inasmuch as plaintiff failed to present the requisite written verified claim " ' to the governing body of [the] district or school' . . . as required by the clear language" of the statute, and that failure "is a fatal defect mandating dismissal of this action" (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 548 [1983]). Here, it is undisputed that plaintiff served the claim by certified mail upon

defendant's then-attorney, who is not a member of defendant's "governing body" pursuant to Education Law § 3813 (1). Present—Scudder, P.J., Smith, Centra, Carni and Whalen, JJ.